### Edwin W. Bower v. Luther D. Robinson.

1. AGRICULTURAL SOCIETIES — *Right to Eject Persons Infringing upon Privileges.*—Where an agricultural society holds a privilege, and disposes of the same to a person, the officers of the society have the right to eject from the grounds, after ordering them to desist, all persons infringing upon such privilege.

2. SALES—*The Price a Condition Precedent, When.*—Unless a sale is agreed to be made on a credit, the payment of the purchase price is a condition percedent to the right to take possession of the thing sold.

**Memorandum.**—Trespass. Appeal from the Circuit Court of Warren County; the Hon. JOHN J. GLENN, Judge, presiding. Heard in this court at the December term, 1893, and affirmed. Opinion filed May 22, 1894.

The opinion states the case.

KIRKPATRICK & ALEXANDER, attorneys for plaintiff in error.

BRIEF OF DEFENDANT IN ERROR, GRIER & STEWART, ATTORNEYS.

If, in resisting or failing to comply with the orders of the defendant, as the officer of the society having charge and supervision of privileges, plaintiff made it necessary to expel him from the grounds in order to prevent him exercising the franchise in question, then he has no right to recover in trespass for such expulsion. C., B. & Q. R. R. Co. v. Griffin, 68 Ill. 499; Pullman Palace Car Co. v. Reed, 75 Ill. 125; North Chicago Street Ry. Co. v. Olds, 40 Ill. App. 421; C. & A. R. R. Co. v. Willard, 31 Ill. App. 435; Chicago City Ry. Co. v. Pelletier, 33 Ill. App. 455; Penna. R. R. Co. v. Connell, 112 Ill. 295.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

This is an action of trespass brought by Edwin W. Bower against Luther D. Robinson.

The declaration alleges that Robinson assaulted Bower upon the fair grounds at Monmouth, Illinois, violently ejected him from the grounds and detained him in prison. To the declaration were filed a plea of the general issue and a special plea of justification, averring that what Robinson did was as an officer of the Warren County Agricultural Society, to prevent Bower from usurping and exercising privileges of the society upon its grounds and refusing to desist when ordered to do so.

The Warren County Agricultural Society is a corporation, authorized and accustomed to hold annual fairs at its grounds adjacent to the city of Monmouth. Among the privileges held by the society to be sold for the purpose of defraying expenses, is the privilege of selling and distributing upon the grounds, score cards of the races to be run during the fair. This privilege for the fair commencing Septem-

ber 12, 1892, was sold to a man named King.   Robinson was the superintendent of the society, and as such, it was his business to dispose of the privileges, and protect against infringement, persons who had purchased them.

On Tuesday, the first day of the fair, Bower and one C. F. Clark began distributing score cards of the races in violation of the exclusive right of King to do so.    When ordered by Robinson to desist, they insisted upon their right to distribute and continued to do so, whereupon they were ejected from the grounds.    On the following day they went upon the ground again and began to distribute score cards of the races of that day.    Robinson again warned them to desist and they insisting upon the right to distribute, they were taken in charge by police officers of the society.   They were taken to one of the buildings and there remained with the officer long enough to enable Robinson to confer with the directors of the society and determine what to do with them.    They were then ejected from the grounds.

In our opinion Robinson was not liable, and the verdict of the jury was right.   As superintendent, he had the right to eject from the grounds all persons found therein exercising privileges not paid for by them; he had such right without an order from the board of directors or express provisions contained in the by-laws.    His right to eject would not go to the extent of having them arrested and imprisoned; he could, however, take charge of their persons to the extent of what was necessary to have them ejected.    If the persons so exercising privileges refused to desist and continued in defiance of the order of the superintendent, he could have them taken in charge and ejected by police officers.    As we look at the evidence, this was virtually what was done by Robinson.    The so-called detention of one-half hour at the floral hall was only for the purpose of allowing Robinson to confer with other officers in determining whether Bower and Clark should be ejected.    Bower and Clark understood that, and do not appear to have objected to the delay occasioned thereby.

It is claimed that Bower had the right to distribute the

score cards by virtue of a contract previously entered into between Clark and Robinson. It appears that some time prior to the commencement of the fair, Clark and Robinson had talked about the purchase of the score card privilege and that a price was agreed upon, but Clark had never paid the price, and there was no agreement that the purchase should be upon a credit.

Clearly, Clark had no right to the privilege on the days when he and appellant entered upon distributing the cards.

Unless a sale is agreed to be made on a credit the payment of the purchase price is a condition precedent to the right to take possession of the thing sold. Mathews et al. v. Cowan et al., 59 Ill. 431.

In the view which we have taken of the case it is unnecessary to consider the errors as to instructions.

Substantial justice has been done and the judgment should be affirmed.